UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| MICHAEL LEE, | Civil No. 13-799 (PJS/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| JONATHAN KLINGAMAN, | |
| Defendant. | |

This case is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Plaintiff is a patient at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota. He is attempting to sue a single Defendant named Jonathan Klingaman, who is a psychiatric nurse practitioner at MSOP.

Plaintiff alleges that Defendant has refused to prescribe certain medications that Plaintiff believes he needs to properly treat his mental illness. According to Plaintiff, Defendant has been "refusing to provide certain medications and mental health [care] to assist with my anxiety disorder." (Complaint, p. 6, § IV.A.)

Plaintiff acknowledges that Defendant has prescribed some medications to treat his mental health concerns. An exhibit attached to the complaint shows that during the past year or so, Plaintiff has been given medications identified as "Doxepin, Seroquel, Depokote, and most recently Buspar." (Complaint, Exhibit A, [Docket No. 1-1].) However, Plaintiff contends that those other medications have not worked well enough. He alleges that after using those medications his "symptoms has not approved [sic]." (Complaint, p. 6, § IV.A.)

Plaintiff has filed several administrative grievances that explain his concerns about his medical care. (Complaint, Exhibits A-D.) In one recent grievance, Plaintiff explained his dissatisfaction with Defendant Klingaman's treatment program as follows:

> "I was seen by Johnathan Klingaman on 1-23-13 and I explained to him once again that the BuSpar wasn't helping me with my anxiety symptoms. I still am getting agitated, on the edge most days around people, I struggle with concentrating on tasks because my mind be going blank and I be have racing thoughts and nightmares. I feel like I might lose control of myself and hurt someone, my muscles be stiffing [sic] up and sometimes it's hard for me to breath. I asked Mr. Klingaman if he was willing to prescribe me some Adderall as it might help me with some of my symptoms; distractibility [sic], my short attention span, hyperactive behavior, better controlling of my impulses, and emotional instability.
>
> Mr. Klingaman responded by saying he would not prescribe me this medication because Adderall is not for adults and this drug is abused. I done some research of my own and Johnathan made false statements because Adderall is approved by the FDA and can be prescribed to adults. It's recommend 5mg to 40mg for adults. Mr. Klingaman said he would be willing to try the medication Strattera on my next visit with him. This medication didn't relieve me of my symptoms and I asked Johnathan Klingaman why was he trying to give me a medication that didn't work in the past.
>
> I also told Mr. Klingaman that my BuSpar wasn't helping any. I have been on that medication since August of 2012 [and] my condition hasn't gotten any better. I told Mr. Klingaman that I wish to be taken off BuSpar because it isn't working."

(Complaint, Exhibit A, [Docket No. 1-1].)

Plaintiff's grievance was reviewed and dismissed by an MSOP staff member, and Plaintiff appealed that ruling. The grievance was then reviewed by a doctor identified as David Paulson, M.D. Dr. Paulson provided the following response to Plaintiff's grievance:

> "You are followed on an ongoing basis by Mr. Klingaman and Dr. Raymond. They have prescribed several different medications. Medications are not always the solution to the symptoms you describe. You were encouraged to participate in treatment and work with your therapist to address your symptoms. This treatment alone or in combination with medication, may improve your symptoms.
>
> <u>You request Adderal treatment in your request. This medication is used in patients with specific diagnoses. You do not have a condition for which this medication is prescribed</u>.
>
> I encourage you to work with Health Services and Clinical staff to address your symptoms."

(Complaint, Exhibit C, [Docket No. 1-3], [emphasis added].)[1]

Plaintiff obviously is dissatisfied with the medical care that has been provided by Defendant Klingaman, and he is likewise dissatisfied with the responses to his grievances regarding Klingaman. Plaintiff is now attempting to sue Klingaman for failing to provide adequate medical treatment for his mental illness. He is seeking a judgment that would compel Klingaman to "provide adequate mental health/medical care and treatment." (Complaint, p. 7, § V.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted.

---

[1] Some of Plaintiff's earlier grievances regarding his medical care at MSOP are also attached to his complaint. (Complaint, Exhibit D, [Docket No. 1-4].) Those grievances, and the corresponding replies from MSOP staff members, show that the health care providers at MSOP have been responsive to Plaintiff's medical questions and concerns.

3

28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state a cause of action on which relief may be granted, a plaintiff must allege a set of specific historical facts, which, if proven true, would entitle the plaintiff to some redress against the named defendant(s) under some cognizable legal theory. See Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

The caption of Plaintiff's current complaint indicates that he seeking relief under 42 U.S.C. § 1983 for alleged violations of his federal constitutional rights. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[s]ection 1983 authorizes a 'suit in equity, or other proper proceeding for redress,' against any person who, under color of state law, 'subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution'"). Plaintiff's complaint does not identify any specific constitutional basis for his lawsuit, but it seems reasonably clear that he is claiming Defendant has violated his federal constitutional rights by failing to provide proper care and treatment for his medical needs.

If a prisoner claims that he has been denied proper medical care, his claim normally will be brought under the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 105 (1976) (a prison official can be liable for violating a prisoner's Eighth Amendment rights if the official has acted with "deliberate indifference" to the prisoner's "serious medical needs"). In this case, however, Plaintiff is not a prisoner; he is a civilly committed detainee. Therefore, Plaintiff's claims cannot be brought directly under the Eighth Amendment.

Revels v. Vincenz, 382 F.3d 870, 874 (8th Cir. 2004) ("because an involuntarily committed psychiatric patient is confined for treatment rather than incarcerated for the purpose of punishment following conviction, the Eighth Amendment does not apply").

However, federal courts have consistently held that under the Fourteenth Amendment's due process clause, the protections of the Eighth Amendment are fully applicable to non-prisoners who are held in governmental custody, including civilly committed detainees. Senty–Haugen v. Goodno, 462 F.3d 876, 889 (8th Cir. 2006). In other words, while civilly committed detainees are not directly protected by the Eighth Amendment, the due process clause affords them the same protections that prisoners receive under the Eighth Amendment. Id. See Revels, 382 F.3d at 875 ("[a]lthough an involuntarily committed patient of a state hospital is not a prisoner per se, his confinement is subject to the same safety and security concerns as that of a prisoner"); see also Youngberg v. Romeo, 457 U.S. 307, 324-25 (1982) (states have a constitutional duty "to provide adequate food, shelter, clothing, and medical care" to civilly committed detainees).

Thus, civilly committed detainees, such as Plaintiff, have the same constitutional right to adequate medical care as criminally convicted prisoners. Senty-Haugen, 462 F.3d at 889. This means that "the deliberate indifference standard of the Eighth Amendment remains applicable to civilly committed patients challenging the conditions of confinement under the Due Process Clause of the Fourteenth Amendment." Roblero-Barrios v. Ludeman, No. Civ. 07-4101 (MJD/FLN), (D.Minn. 2008), 2008 WL 4838726 at * 7. In cases brought by civilly committed detainees, "[c]ourts apply the 'identical deliberate-indifference standard as that applied to conditions of confinement cases brought by convicts.'" Id., quoting Beaulieu v. Ludeman, Civil No. 07-1535 (JMR/JSM), (D.Minn. 2008), 2008 WL

5

2498241, at *23.  In sum, Plaintiff's constitutional challenge to the adequacy of his medical care must be brought under the Fourteenth Amendment's due process clause, but analyzed using apposite Eighth Amendment precepts.

The Eighth Circuit Court of Appeals has explained that --

> "An Eighth Amendment claim that prison officials were deliberately indifferent to the medical needs of inmates involves both an objective and a subjective component.... [P]laintiffs must demonstrate (1) that they suffered objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs."

Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted).

"A prison official exhibits deliberate indifference when the official actually 'knows of and disregards' a prisoner's serious medical needs."  Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995, quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994).  See also Mays v. Rhodes, 255 F.3d 644, 649 (8th Cir. 2001) ("[d]eliberate indifference requires proof that [the prisoner-plaintiff] suffered objectively serious medical needs and that the [defendants] actually knew of these needs but deliberately disregarded them").  "[D]eliberate indifference requires a highly culpable state of mind approaching actual intent."  Choate v. Lockhart, 7 F.3d 1370, 1374 (8th Cir. 1993).

> "Medical malpractice alone... is not actionable under the Eighth Amendment.... [Citation omitted.]  For a claim of deliberate indifference, 'the prisoner must show more than negligence, more even than gross negligence, and <u>mere disagreement with treatment decisions does not rise to the level of a constitutional violation</u>.'"

Popoalii v. Correctional Medical Services, 512 F.3d 488, 499 (8th Cir. 2008), quoting Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (emphasis added).

In this case, it bears repeating that an inmate cannot bring an Eighth Amendment

6

deliberate indifference claim simply because he disagrees with his medical treatment. Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) ("mere disagreement with treatment decisions does not rise to the level of a constitutional violation'"), quoting Estate of Rosenberg, 56 F.3d at 37. See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (prisoner's Eighth Amendment claims were properly dismissed on summary judgment because they were based on "nothing more than mere disagreement with the course of his medical treatment").

As the Court of Appeals explained in Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996):

"[N]othing in the Eighth Amendment prevents prison doctors from exercising their independent medical judgment. White v. Farrier, 849 F.2d 322, 327 (8th Cir. 1988). Prisoners do not have a constitutional right to any particular type of treatment. See id. at 327-28. Prison officials do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment. Taylor v. Turner, 884 F.2d 1088, 1090 (8th Cir. 1989); Kayser v. Caspari, 16 F.3d 280, 281 (8th Cir. 1994)."

With these standards in mind, the Court has reviewed Plaintiff's current complaint and attached submissions. The Court finds that even with the benefit of liberal construction, Plaintiff's complaint fails to state an actionable § 1983 claim against Defendant Klingaman. It is abundantly clear from Plaintiff's submissions that Klingaman has not been deliberately indifferent to Plaintiff's medical needs. To the contrary, Plaintiff's submissions show that Klingaman (and others at MSOP) have been consistently responsive to Plaintiff's medical concerns.

The Court recognizes, of course, that Plaintiff believes Klingaman has not responded properly to his medical needs. Plaintiff believes that Klingaman should be prescribing different medications – specifically "Adderall." However, Klingaman has determined that

7

the treatment Plaintiff is seeking would not be suitable for his particular needs. Plaintiff's submissions show that Klingaman has made certain medical judgments about how Plaintiff's health care needs should be addressed, and Plaintiff simply disagrees with those judgments.

The Eighth Circuit caselaw cited above clearly demonstrates that a state detainee cannot sue a state employee under § 1983 merely because the detainee disagrees with some aspect of the medical care he is receiving. See Jolly, supra; Smith, supra; Long, supra. To state an actionable § 1983 claim, the detainee must allege a set of facts showing that the named defendant was "deliberately indifferent" to his serious medical needs. Plaintiff has alleged no such facts here.

The allegations in Plaintiff's complaint effectively establish that Defendant Klingaman has not violated Plaintiff's constitutional rights, as those allegations show that Klingaman has not disregarded Plaintiff's medical needs. The complaint demonstrates, quite conclusively, that Klingaman has responded to Plaintiff's medical concerns, and Plaintiff merely disagrees with Klingaman's prescribed course of treatment. Thus, the Court finds that the allegations presented in the current complaint, even if they be entirely truthful and accurate, do not show that Klingaman (or anyone else) has violated Plaintiff's federal constitutional rights. Plaintiff has therefore failed to plead an actionable § 1983 claim in his complaint.

## III. CONCLUSION

For the reasons discussed above, the Court finds that Plaintiff has failed to plead a cause of action on which relief can be granted. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed, pursuant

to § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: April 18, 2013

*s/ Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 3, 2013**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.